UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DORIS KING | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. |
| | § | |
| ALLSTATE TEXAS LLOYDS AND | § | **(JURY)** |
| MARSH CLARK | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL
## AND DEMAND FOR JURY TRIAL

**TO THE HONORABLE UNITED STATES DISTRICT COURT**:

Defendant Allstate Texas Lloyds ("Allstate") files this Notice of Removal and Demand for Jury Trial of Cause Number DC-16-15261, styled *Doris King v. Allstate Texas Lloyds and Marsh Clark,* currently pending in the 298th District Court, Dallas County, Texas. Allstate removes the case to the U.S. District Court for the Northern District of Texas, Dallas Division. As grounds for removal, Allstate states as follows:

### I.
### OVERVIEW

1.1    This case involves a dispute over insurance benefits under a Homeowners policy of insurance issued by Allstate to Plaintiff Doris King, for alleged storm damage to Plaintiff's home March 7, 2016. (*See* Plaintiff's Petition). Plaintiff commenced this action, styled *Doris King v. Allstate Texas Lloyds and Marsh Clark,* in the 298th District Court, Dallas County, Texas*,* against Allstate by filing his Plaintiff's Original Petition on November 29, 2016 under Cause Number DC-16-15261 in the 298th District Court, Dallas County, Texas. In Plaintiff's Original Petition, she seeks to recover damages from the Defendants in excess of $100,000.00

but not over $200,000.00. Allstate was served with Plaintiff's Petition on December 7, 2016. Defendant Marsh Clark has yet to be served. Therefore, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b). A true and correct copy of all process, pleadings, and the orders served upon Allstate in the state court action are being filed with this Notice as required by 28 U.S.C. § 1446(a), and are attached hereto as Exhibit "A".

## II.
## DIVERSITY JURISDICTION

2.1   The District Courts of the United States have original jurisdiction over this action based on complete diversity of citizenship between the parties as contemplated by 28 U.S.C. § 1332(a). The Plaintiff is now, and was at the time the lawsuit was filed, a resident of the State of Texas. (*See* Plaintiff's Petition, page 1).

Defendant Allstate Texas Lloyds was, and at the date of this Notice, remains, an association of underwriters whose individual underwriters are all residents and citizens of the State of Illinois and Virginia.1  "The United States Supreme Court has consistently held for over one hundred years that the citizenship of an unincorporated association [such as Allstate] is determined . . . solely by the citizenship of its members." *See Massey v. State Farm Lloyds Ins. Co.*, 993 F. Supp. 568, 570 (S.D. Tex. 1998); *see also Gore v. Stenson*, 616 F. Supp. 895, 898-899 (S.D. Tex. 1984) (recognizing years of Supreme Court precedent reaffirming the treatment of unincorporated associations for jurisdictional purposes).2  Accordingly, Allstate is a citizen of the State of Illinois and Virginia and complete diversity exists.  Accordingly, Allstate is a citizen of the States of Illinois and complete diversity exists.

---

1 *See Royal Ins. Co. v. Quinn-L Capital Corp*, 3 F.3d 877, 882-884 (5th Cir. 1993), cert. denied, 522 U.S. 815 (1997); see also *Massey*, 993 F. Supp. At 570.
2 "Fifth Circuit jurisprudence is equally clear."  *See Massey*, F. Supp. At 570 (citing *International Paper Co. v. Denkmann Assoc.*, 116 F.3d 134, 137 (5th Cir. 1997).

An additional Defendant in the case is Marsh Clark, a citizen of the State of Texas. His citizenship, however, should not be taken into consideration for purposes of determining diversity as he has been improperly joined in this action. Defendant Clark has yet to be served.

There being complete diversity between the Plaintiff and Defendant Allstate, this case is properly removed to the U.S. District Court for the Northern District of Texas, Dallas Division.

2.2     The doctrine of improper joinder is an exception to the requirement of complete diversity and provides that a defendant may remove a case to a federal forum unless the in-state defendants were property joined. *See Smallwood v. Ill. Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). Improper joinder is demonstrated where (1) there is actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff is unable to establish a cause of action against the non-diverse party in state court. *See Travis v. Irby*, 325 F.3d 644, 646-47 (5th Cir. 2003). In this case the Plaintiff is unable to establish a cause of action against Defendant Jack Bryant, thereby rendering her joinder improper.

2.3     The Plaintiff's allegations against Defendant Marsh Clark are generic and formulaic claims under the Texas Insurance Code, the Texas Deceptive Trade Practices Act, bad faith, fraud, negligence and gross negligence and are unsupported by real facts. Such claims are in violation not only of the pleading requirements set forth in Rule 91a of the Texas Rules of Civil Procedure, but also the federal pleading requirements established by *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929, 940 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1945, 173 L.Ed.2d 868 (2009). The allegations against Defendant Marsh Clark in this case set forth nothing more than bare legal conclusions together with a formulaic recitation of the elements of a cause of action. These generic recitations on their face not only fail to state a viable cause of action under Texas law but also fail to evidence a

plausible entitlement to relief to support the joinder of Defendant Marsh Clark. As such, the allegations against Marsh Clark exemplify the badge of improper joinder.

2.4     Policyholders in Texas have a long history of improperly joining insurance adjusters and agents as party-defendants in first-party suits against their insurance company to recover policy benefits in an effort to avoid removal of the case from state court to federal court. This is yet another example of one such case. The essence of this lawsuit is the Plaintiff's right of recovery under the insurance contract. Under such circumstances, Defendant Marsh Clark has been improperly joined. Because Defendant Marsh Clark has been improperly joined, the claims against him should not only be disregarded for purposes of determining diversity, but also should also be dismissed in their entirety as a matter of law.

### III.
### REMOVAL PROPER

3.1     Disregarding the citizenship of Defendant Marsh Clark, this Court has original jurisdiction over this case pursuant to 28 U.S.C. § 1332(a)(1) as an action wholly between citizens of different states with the matter in controversy exceeding the sum or value of $75,000.00, exclusive of interest and costs.

3.2     Under 28 U.S.C. § 1441(a), the removed action is proper in this Court as the district and division embracing the place where the state court action is pending.

3.3     Defendant Allstate, the removing party, will promptly give the parties written notice of the filing of this Notice of Removal as required by 28 U.S.C. § 1446(d). Allstate will promptly file a copy of this Notice of Removal with the clerk of the 298th District Court, Dallas County, Texas, where the action is currently pending, also pursuant to 28 U.S.C. § 1446(d).

3.4.    Defendant hereby demands a trial by jury.

## IV.
## EXHIBITS ACCOMPANYING REMOVAL

4.1    In conjunction with filing this Notice of Removal, Defendant Allstate files the following documents as exhibits:

Exhibit "A" – Index/Documents filed in the 298th District Court, Dallas County, Texas

WHEREFORE, PREMISES CONSIDERED, Defendant Allstate Texas Lloyds, pursuant to these statutes and in conformance with the requirements set forth in 28 U.S.C. § 1446, removes Cause Number 16-09510-431, styled *Doris King v. Allstate Texas Lloyds and Marsh Clark,* in the 298th District Court, Dallas County, Texas to this Court on the 30th day of December, 2016, for trial and determination.

Respectfully submitted,

**STACY | CONDER | ALLEN**

By:    /s/ David G. Allen
       David G. Allen
       State Bar No.: 00786972
       allen@stacyconder.com
       Danah L. Woods
       State Bar No.: 24045259
       woods@stacyconder.com

901 Main Street, Suite 6200
Dallas, Texas 75202
(214) 748-5000
(214) 748-1421 (fax)

**ATTORNEYS FOR DEFENDANTS**

## **CERTIFICATE OF SERVICE**

      On January 3, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all counsel of record electronically or by another manner authorized by Federal Rule of Civil Procedure 5(b)(2).

                                      /s/ David G. Allen
                                  David G. Allen

DGA/PLDG/578852.1/000003.16991